IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURDY DORTCH, SR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | CASE NO. 3:09-CV-283-WKW[WO] |
| ) | |
| ENTERPRISE RENT-A-CAR ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Enterprise Rent-A-Car's Motion to Dismiss (Doc. # 2), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs did not file a response to the motion within the court-imposed deadline (Doc. # 6). For the reasons to follow, the motion is due to be granted.

**I. JURISDICTION AND VENUE**

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441(a) (removal jurisdiction). There is complete diversity, and the Complaint expressly seeks more than the jurisdictional amount. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both personal jurisdiction and venue.

**II. STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 19, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Hence, while the complaint need not set out "detailed factual allegations," *Bell Atl. Corp.*, 550 U.S. at 555, it must provide factual amplification sufficient "to raise a right to relief above the speculative level," *id.*

### III.  RELEVANT FACTS AND PROCEDURAL HISTORY

On December 30, 2006, Plaintiff Dortch and his passenger were in a motor vehicle traveling northbound on Interstate 85.  (Compl. ¶ 4 (Doc. # 3-4, Ex. C).)  The Complaint alleges that Mr. Webb "crossed the broken painted line while trying to pick up his cell phone and collided with the vehicle operated by [Mr.] Dortch," causing Mr. Dortch and his passenger to suffer severe injuries.  (Compl. ¶ 4.)  As a result of Mr. Webb's negligence, Mr. Dortch claims that he is "entitled to recover damages in the amount of $500,000."  (Compl. ¶ 6.)  Mr. Dortch's passenger also allegedly suffered injures "for which she is entitled to recover damages in the amount of $500,000.00."  (Compl. ¶ 7.)  Mr. Dortch and his passenger each ask for "judgment against [Mr.] Webb, in the amount of $500,000 for compensatory damages, and medical bills."  (Compl. 4.)

This action originally was filed in state court, but was removed to this court on April 3, 2009, based upon diversity jurisdiction.  On April 6, 2009, Enterprise Rent-A-Car filed a Motion to Dismiss.  (Mot. (Doc. # 2).)  An Order subsequently was entered (Doc. # 6), directing Plaintiffs to file a response to the motion on or before May 15, 2009.  No response has been filed to date.

## IV. DISCUSSION

In this diversity negligence action involving a motor vehicle collision, Enterprise Rent-A-Car has moved to dismiss any claims asserted against it for failure to state a claim. (Mot. 1); *see also* Fed. R. Civ. P. 12(b)(6). As grounds for its motion, Enterprise Rent-A-Car correctly says that the only mention of it in the Complaint is in the third paragraph, describing "Enterprise Rent-A-Car" as "a Missouri Corporation that can be reached for service in St. Louis, Missouri." (Compl. ¶ 3.) Because the Complaint "does not even assert anything that Enterprise Rent-A-Car Company did or did not do to contribute to this accident," Enterprise Rent-A-Car says that Plaintiffs have "not asserted any claim of any nature whatsoever against this Defendant." (Mot. ¶ 4.)

The sole claim asserted in the Complaint is for the negligence,[1] but that claim is premised only upon the negligence of Mr. Webb in allegedly causing the motor vehicle collision and Plaintiffs' injuries. No allegations of negligence are made against Enterprise Rent-A-Car. There are absolutely no facts pertaining to Enterprise Rent-A-Car in the body of the Complaint, and definitively none alleging any involvement by Enterprise Rent-A-Car in the wrongdoing attributed to Mr. Webb. Additionally, as pointed out by Enterprise Rent-A-Car, no judgment is sought against Enterprise Rent-A-Car. Rather, the Complaint seeks only a "judgment against [Mr.] Webb[.]" (Compl. 4.) Because the complaint is devoid of

---

[1] The elements of negligence are "(1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury." *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008).

any factual matter pertaining to Enterprise Rent-A-Car, it necessarily follows that the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). Any attempt to ascertain Plaintiffs' alleged right to relief against Enterprise Rent-A-Car would require total speculation. *See Bell Atl. Corp.*, 550 U.S. at 555 (The complaint must provide factual amplification sufficient "to raise a right to relief above the speculative level[.]"). For the foregoing reasons, the motion to dismiss is due to be granted.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant Enterprise Rent-A-Car's Motion to Dismiss (Doc. # 2) is GRANTED and that Plaintiffs' action against Enterprise Rent-A-Car is DISMISSED with prejudice.

DONE this 9th day of July, 2009.

        /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE